Jason J. Ruedy
LAW OFFICES OF ROYCE & BRAIN
1407 West Thirty-First Avenue, 7th Floor
Anchorage, Alaska 99503-3678
Telephone: (907) 258-6792
Facsimile: (907) 276-2919

Attorneys for Plaintiff Action Drywall, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES, for the use and benefit of ACTION DRYWALL, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA PAYMENT BOND NO. 105385880,<br><br>　　　　Defendant. | Case No. 3:12-cv-_____ |

## **COMPLAINT**

COMES NOW Use Plaintiff Action Drywall, Inc. ("Plaintiff"), by and through its counsel of record, the Law Offices of Royce & Brain, and for its Complaint against Defendant, Travelers Casualty and Surety Company of America Payment Bond No. 105385880 ("Defendant"), hereby states and alleges as follows:

### **JURISDICTION & VENUE**

　　1.　　Plaintiff is, and at all relevant times was, a corporation organized and existing under the laws of the State of Alaska.

2. Plaintiff is a registered Alaska specialty contractor in good standing with the State of Alaska and is in all ways qualified to bring and maintain this action.

3. Based on information and belief, Defendant is a Delaware corporation organized and authorized to transact surety business in the State of Alaska.

4. Defendant issued Payment Bond No. 105385880 to Kiewit Building Group, Inc. ("Kiewit"), in its capacity as general contractor on a federal construction project located at Fort Wainwright, Alaska, known as Design/Construct Barracks (FTW336B) Aviation Task Force – Phase I ("Project"), under Contract No. W911KB-10-C-0005.

5. This action arises under, and the Court has jurisdiction pursuant to, 40 U.S.C. § 3131 *et seq.* ("Miller Act").

6. Venue is proper as all work was performed within the District of Alaska, Plaintiff maintains its offices here and Defendant issued its bond here.

## FACTS

7. Kiewit entered into a subcontract with Tilmo Painting, LLC ("Tilmo") to furnish certain labor, material, services and/or equipment to the Project.

8. Tilmo, in turn, subcontracted with Plaintiff to furnish certain drywall-related labor, materials, services and equipment to the Project, as such work was identified in the Sections 09251 and 09252 of the Project specifications.

Complaint
*Action Drywall, Inc. v. Travelers Casualty and Surety Company of America*
Case No. 3:12-cv-_____
Page 2 of 5

Case 3:12-cv-00216-HRH   Document 1   Filed 11/06/12   Page 2 of 5

9. Plaintiff satisfied all of its obligations under its subcontract agreement with Tilmo and last furnished labor, materials, services or equipment to the Project on November 12, 2011, which labor, materials, services and equipment were accepted by the Project owner and fully incorporated into the Project.

10. Despite demand being made, Tilmo failed and/or refused to pay Plaintiff, in full, for all labor, materials, services and equipment Plaintiff furnished to the Project and a balance of $154,411.93 remains due and owing.

11. On January 30, 2012, Plaintiff provided Kiewit with written notice of its claim on the Project arising out of Tilmo's non-payment, in accordance with 40 U.S.C. § 3133(b)(2).

12. More than ninety (90) days but less than one (1) year has elapsed from the last date on which Plaintiff furnished labor and personnel services to the Project.

## COUNT I – CLAIM ON PAYMENT BOND

13. Plaintiff re-alleges the paragraphs above, and further states and alleges as follows:

14. Defendant issued Payment Bond No. 105385880 to Kiewit pursuant to the Miller Act, for the benefit of all persons/entities supplying labor, material, services and/or equipment to the Project.

Complaint
*Action Drywall, Inc. v. Travelers Casualty and Surety Company of America*
Case No. 3:12-cv-_____
Page 3 of 5

Case 3:12-cv-00216-HRH   Document 1   Filed 11/06/12   Page 3 of 5

15. Defendant is liable to Plaintiff for payment of all amounts owed on the Project, which outstanding balance totals $154,411.93.

## COUNT II – QUANTUM MERUIT

16. Plaintiff re-alleges the paragraphs above, and further states and alleges as follows:

17. Plaintiff is entitled to receive the reasonable value of all labor, materials, services and equipment it furnished to the Project.

18. The reasonable value of the labor and personnel services furnished by Plaintiff to Tilmo for use on the Project that remains due and owing totals $154,411.93.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. For a final judgment against Defendant Payment Bond No.105385880, in the principal amount of $154,411.93.

B. For an award of pre- and post-judgment interest at the highest rate allowed by law.

C. For award of costs and attorney's fees necessarily incurred by Plaintiff in having to bring and maintain this action.

D. For such other and further relief as this Court deems just and equitable.

Complaint
*Action Drywall, Inc. v. Travelers Casualty and Surety Company of America*
Case No. 3:12-cv-_____
Page 4 of 5

Case 3:12-cv-00216-HRH   Document 1   Filed 11/06/12   Page 4 of 5

DATED at Anchorage, Alaska, this 5th day of November, 2012.

LAW OFFICES OF ROYCE & BRAIN
Counsel for Plaintiff Action Drywall, Inc.

　/s/ Jason J. Ruedy
1407 W. 31st Avenue, 7th Floor
Anchorage, Alaska 99503
Telephone: 907-258-6792
Facsimile: 907-276-2919
E-mail: jruedy@roycebrain.com
Alaska Bar Association No. 9911070

Complaint
*Action Drywall, Inc. v. Travelers Casualty and Surety Company of America*
Case No. 3:12-cv-_____
Page 5 of 5

Case 3:12-cv-00216-HRH   Document 1   Filed 11/06/12   Page 5 of 5